UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ROSSROCK FUND II LP,

                       Plaintiff,

- against -

CLAUDETTE BOOTHE, JODY ASHTON,
ANDRE AUDIGE, TOUBA DIAMALAYE
TAILORING & FASHION AFRICAN a/k/a
TOUBA DIAMALAYE TAILORING, and
ANNETTE M. HILL, AS CITY REGISTER
OF THE CITY OF NEW YORK,

                       Defendants.
---------------------------------------------------------

**MEMORANDUM & ORDER**

16 CV 1878 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On April 18, 2016, Defendants filed a Notice of Removal seeking to remove this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) This action involves the same parties and subject property as another action currently pending before this Court, *Boothe v. Rossrock Funds LP et al.*, No. 16-cv-900. The instant complaint, originally filed in state court, alleges that Defendants Claudette Boothe, Jody Ashton, and Andre Audige executed various documents falsely claiming to be record owners of the subject property and caused them to be recorded with the Office of the City Register of the City of New York ("City Register"), all *after* title to the subject property had been transferred to Plaintiff Rossrock Fund II LP following a successful bid at a foreclosure sale. (Compl. ¶¶ 18-26.) Plaintiff seeks to have these allegedly fraudulent documents—a Bargain and Sale Deed, UCC Financing Statement, and Memorandum of Lease—declared void, invalid, and canceled from the City Register record. For the reasons set forth below, the Court *sua sponte* REMANDS this case to State court.

The removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Put differently, "[o]nly state-court actions that *originally could have been filed in federal court* may be removed to federal court by the defendant." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005) (emphasis in original) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Generally speaking, a federal court possesses original jurisdiction over a matter only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship (*i.e.*, are from different states) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Second Circuit has construed 28 U.S.C. § 1447(c) as authorizing a district court, at any time and absent a motion by a plaintiff, to remand a case *sua sponte* upon a finding that the court lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) and *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).

In their Notice of Removal, Defendants nominally invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 and also assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as their bases for removal.[1] (Dkt. 1, Notice of Removal at ECF 1 & ¶ 1.) The Court notes, however, that Defendants' federal question argument is not based on the State court complaint at

---

[1] Defendants do not contend that diversity jurisdiction exists here. In any event, the Court finds that there is no basis for diversity jurisdiction because there is not complete diversity and Defendants cannot show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. (*See* Dkt. 1, Compl. ¶¶ 1-6 (alleging that all parties, with the exception of Defendant Jody Ashton, are residents of New York); *id.* at ECF 8 (seeking only injunctive relief).) Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

2

all but rather, relies on that complaint's relationship to the federal action currently pending before this Court.[2] Defendants, in effect, argue that because this Court has original jurisdiction over the federal action, the Court can and should exercise supplemental jurisdiction over the related State court action. (Notice of Removal ¶¶ 1, 2, 4 (emphasizing the two cases involve "the same issues").)

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint . . . even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." *Raghavendra v. Stober*, No. 11-cv-9251, 2012 WL 2324481, at *8 (S.D.N.Y. May 21, 2012) (collecting cases), *report and recommendation adopted in its entirety by* 2012 WL 2334538 (S.D.N.Y. June 18, 2012); *see also Corp. Visions, Inc. v. Sterling Promotional Corp.*, No. 00-cv-4663, 2000 WL 33217350, at *1 (E.D.N.Y. Aug.16, 2000) ("Supplemental jurisdiction, therefore, may only be exercised *in the same action* that furnishes the basis for exercise of supplemental jurisdiction; not in a separate or subsequent case.") (emphasis in original); *Vill. of Baxter Estates v. Rosen*, No. 12-cv-2851, 2012 WL 3779412, at *3 (E.D.N.Y. Aug. 30, 2012) (same). Thus, the mere factual relationship between a State court action and a pending federal court action cannot establish subject matter jurisdiction over the State court action.

---

[2] The Court is unable to discern any federal questions from the face of the Complaint.

## CONCLUSION

Defendants' argument that there is a factual relationship between the State court action and the federal action currently pending before this Court is insufficient to establish removal jurisdiction in this court. Accordingly, this case is REMANDED to New York State Supreme Court, Kings County, under Index No. 3448/2016, for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 20, 2016
Brooklyn, New York